Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SONIA BARRIENTOS, individually and on behalf of all others similarly situated,**<br><br>Plaintiffs,<br><br>vs.<br><br>**ASHTON & WEINBERG, INC., and Does 1-10, inclusive,**<br><br>Defendant(s).<br><br>_____ | Case No.<br><br>**CLASS   ACTION   COMPLAINT FOR VIOLATIONS OF:**<br><br>   1. **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§1692, ET SEQ.;  AND**<br><br>   2. **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT,** _CAL. CIV. CODE_ **§§1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## **INTRODUCTION**

**1.** This case arises as a result of false, deceptive and unfair debt-collection practices promulgated nationwide by Defendant, Ashton & Weinberg, Inc. ("Ashton"), in an effort to deceive consumers and debtors by failing to provide the notice required by the relevant consumer protection state statutes such as the California Rosenthal Fair Debt Collection Practices Act, and by threatening to report the information to the credit bureaus within 30 days from the letter's date thus overshadowing the debt validation right provided by the notice.

**2.** In particular, Plaintiff, Sonia Barrientos ("Barrientos"), alleges that within the year preceding the filing of this Complaint, Ashton attempted to collect debts from her and other consumers and debtors by systematically sending them mail based collection correspondence that failed to advise the consumers and debtors of their rights under the California Rosenthal Fair Debt Collection Practices Act, and by threatening to report the information to the credit bureaus within 30 days from the letter's date thus overshadowing the debt validation right provided by the notice.

**3.** Such conduct is inherently deceptive and misleads the least-sophisticated consumer, as it is plausible that an unsophisticated consumer would not know that additional rights are provided by state law, and that a debt verification

process would reasonably delay the notification to the credit reporting agencies.

**4.** Ashton's acts and omissions were intentional, and resulted from Ashton's desire to mislead debtors and consumers into making payments, and depriving them of their debt validation legal right, and an opportunity to exercise their rights under relevant consumer protection state statutes.

**5.** Thus, Barrientos brings class action claims against Ashton, under the Federal Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), both of which were enacted to "eliminate abusive debt collection practices by debt collectors," and to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." 15 U.S.C. §1692(e); *Cal. Civ. Code* §1788.1(b).

## JURISDICTION AND VENUE

**6.** The Court has jurisdiction over Barrientos' FDCPA cause of action pursuant to 28 U.S.C. §1331, and supplemental jurisdiction over Barrientos' RFDCPA claim pursuant to 28 U.S.C. §1367.

**7.** Venue is proper in the Central District of California pursuant to 18 U.S.C. § 1391(b) because Ashton does business within the Central District of

**CLASS ACTION COMPLAINT**

California, and because Barrientos is a resident of Los Angeles County, California, which is within the Central District of California.

## THE PARTIES

8. Barrientos is a natural person residing in Los Angeles County, State of California who is obligated or allegedly obligated to pay any debt, and from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing, thereby rendering him a "consumer," under the FDCPA, 15 U.S.C. §1692a(3), and a "debtor" under the RFDCPA, *Cal. Civ. Code* §1788.2(h).

9.  Ashton is a company, incorporated and with its principal place of business in the State of Rhode Island, that uses any instrumentality of interstate commerce or the mails in its business, the principal purpose of which is the collection of any debts; it also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Thus, Ashton is a "debt collector," under the FDCPA, 15 U.S.C. §1692(a)6. Ashton, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection, thereby qualifying it as a "debt collector," under the RFDCPA, *Cal. Civ. Code* §1788.2(c).

///

///

4
**CLASS ACTION COMPLAINT**

**10.** The debts Ashton attempted to collect from Plaintiff and the putative class members qualify as "debt(s)," under the FDCPA, 5 U.S.C. §1692a(5), and as "consumer debt(s)," under the RFDCPA, *Cal. Civ. Code* §1788.2(f).

## **FACTUAL ALLEGATIONS**

**11.** Within one (1) year preceding the filing of this class action lawsuit, Ashton mailed Barrientos a collection letter dated February 8, 2016, wherein, Ashton introduced itself by stating:

> This account has been submitted for collection.
> This is to notify you that this account is past due.
>
> Unless you notify this office within 30 DAYS after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume that this debt is valid. If you notify this office in writing within 30 DAYS from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgement or verification. If you request this office in writing within 30 DAYS after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> Credit Bureau will be notified in 30 DAYS from the date of this notice.
>
> THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

///

///

///

**CLASS ACTION COMPLAINT**

**12.** No where does the above cited collection letter provide Barrientos any information regarding the RFDCPA required notice pursuant to *Cal. Civ. Code* §1812.700.

**13.** Moreover, the letter deliberately overshadowed the FDCPA consumer debt validation right by stating that: "Credit Bureau will be notified in 30 DAYS from the date of this notice." The statement is contradiction to the debt validation right, which will reasonably delay any credit reporting activity beyond 30 days from the date the notice was sent. Consequently, any consumer would be unfairly deceived by such language, and be unlawfully pressured to make payments, while they have a clearly established validation right, and while they may have additional state law rights nowhere disclosed in the letter.

**14.** Ultimately, this letter mislead Plaintiff into believing  that unless Plaintiff made a payment to Defendant within 30 days, Defendant would report the negative collection information to the credit reporting agencies. It also deprived Plaintiff of the notice required by the RFDCPA, and a reasonable and meaningful opportunity to exercise her rights under the consumer protection state statute.

///

///

## <u>CLASS ALLEGATIONS</u>

**15.** Barrientos brings this class action on behalf of herself and all others similarly situated ("the Class").

**16.** Barrientos represents, and is a member of the following classes:

    a.  All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Ashton that failed to include consumer protection notices required by the relevant state law statutes, such as the notice required by the RFDCPA.

    b.  All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence that overshadowed their debt validation right by including language threatening to report to the credit reporting agencies, within 30 days from the initial notice date, that the account was in collections.

**17.** As a result of Ashton's conduct, Barrientos and members of the putative class have been deprived of accurate and valid information regarding their legal rights pursuant to consumer protection state statutes, such as the RFDCPA. Ashton mislead Barrientos and the Class into believing that unless they made a

payment within 30 days, the collection information would be reported to credit reporting agencies, in spite of the debt validation right.

18. Ashton and its employees or agents are excluded from the Class. Barrientos does not know the number of members in the Class, but believes the Class members number to be in the tens of thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

19. This lawsuit seeks statutory damages, actual damages, and injunctive relief for recovery of economic injury on behalf of the Class and is not intended to request any recovery for personal injury and claims related thereto. Barrientos reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

20. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class can be identified through Ashton's records or Ashton's agents' records.

21. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact

**CLASS ACTION COMPLAINT**

to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, within the one (1) year preceding the filing of this Complaint, Ashton sent collection letters to debtors and consumers debts that:

        i. Failed to include the relevant consumer protection state statute notices, such as the notices required by the RFDCPA;

        ii. Overshadowed consumers' debt validation right by including language threatening to report to the credit reporting agencies, within 30 days from the initial notice date, that account was in collection;

    b. Whether Barrientos and the Class members were damaged thereby, and the extent of damages for such violation; and

    c. Whether Ashton should be enjoined from engaging in such conduct in the future.

22. As a person that received the grossly inadequate and misleading collection letter from Ashton, Barrientos is asserting claims that are typical of the Class. Barrientos will fairly and adequately represent and protect the interests of the Class in that Barrientos has no interests antagonistic to any member of the Class.

**23.** Barrientos and the members of the Class have all suffered irreparable harm as a result of the Ashton's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Ashton will likely continue such illegal conduct, resulting in numerous debtors and consumers unknowingly making themselves susceptible to legal action on invalid debts, and by failing to exercise their consumer protection established by relevant state statutes.

**24.** Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

**25.** Barrientos has retained counsel experienced in handling class action claims and claims involving violations of the FDCPA and RFDCPA.

**26.** A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Ashton to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Ashton is small because the maximum statutory damages in an individual action under the FDCPA and/or RFDCPA are minimal. Management of these claims is

likely to present significantly fewer difficulties than those presented in many class claims.

27. Ashton has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff incorporates by reference, the preceding paragraphs of this Complaint.

29. A debt collector may not falsely represent the character, amount or legal status of any debt in connection with the collection of any debt. *15 U.S.C.* §1692e(2)(A). By engaging in the above detailed conduct, Ashton violated this provision of the FDCPA.

30. A debt collector may not communicate or threaten to communicate to any person credit information which is known or which should be known to be false. *15 U.S.C.* §1692e(8). By engaging in the above detailed conduct, Ashton violated this provision of the FDCPA.

31. A debt collector may not use false representations or deceptive means, in connection with the collection of any debt. *15 U.S.C.* §1692e(10). By engaging in the above detailed conduct, Ashton violated this provision of the FDCPA.

**32.** A debt collector may not use unfair or unconscionable means, in connection with the collection of any debt. *15 U.S.C.* §1692f. By engaging in the above detailed conduct, Ashton violated this provision of the FDCPA.

**33.** As a direct proximate result of Ashton's conduct, Barrientos and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, in addition to reasonably incurred attorney's fees and costs. *15 U.S.C. §1692k(a)(1)-(3.*

## <u>PRAYER FOR DAMAGES</u>

Wherefore, Barrientos respectfully requests the Court grant Barrientos and the Class members the following relief against Ashton:

    a.  That this action be certified as a class action on behalf of The Class and Barrientos be appointed as the representative of The Class;

    b.  For statutory damages of $1,000.00 for Plaintiff and each member of The Class pursuant to 15 U.S.C. §1692k(a)(1);

    c.  For actual damages according to proof;

    d.  For reasonable attorneys' fees and costs of suit;

    e.  For prejudgment interest at the legal rate; and

    f.  For such further relief as this Court deems necessary, just, and proper.

*///*

## SECOND CAUSE OF ACTION: VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

**34.** Plaintiff incorporates by reference, the preceding paragraphs of this Complaint.

**35.** Pursuant to §1788.17 of the RFDCPA: "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal. The references to federal codes in this section refer to those codes as they read January 1, 2001." *Cal. Civ. Code* §1788.17

**36.** Thus by engaging in conduct prohibited by Sections e(2)(A), e(5), e(10) and f of the FDCPA, Ashton violated the RFDCPA.

**37.** As a direct proximate result of Ashton's conduct, Barrientos and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, actual damages and reasonably incurred attorney's fees and costs. *Cal. Civ. Code* §1788.30.

## PRAYER FOR DAMAGES

Wherefore, Barrientos respectfully requests the Court grant Barrientos and

**CLASS ACTION COMPLAINT**

the Class members the following relief against Ashton:

   a. That this action be certified as a class action on behalf of The Class and Barrientos be appointed as the representative of The Class;

   b. For statutory damages of $1,000.00 for Plaintiff and each member of The Class pursuant to *Cal. Civ. Code* §1788.30.

   c. .For actual damages according to proof;

   d. For reasonable attorneys' fees and costs of suit;

   e. For prejudgment interest at the legal rate; and

   **f.** For such further relief as this Court deems necessary, just, and proper.

## TRIAL BY JURY

   Pursuant to the seventh amendment to the Constitution of the United States of America, Barrientos is entitled to, hereby does demand a jury trial.

Dated: April 11, 2016

By:/s/Todd M. Friedman
Todd M. Friedman, Esq.
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Attorneys for Plaintiff

14
**CLASS ACTION COMPLAINT**